UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROY WHEATLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00603-JPH-MG |
| ) | |
| FRANK VANIHEL, ) | |
| ) | |
| Respondent. ) | |

**ORDER DIRECTING RESPONDENT TO SUBMIT
EVIDENCE FOR *IN CAMERA* INSPECTION**

Roy Wheatley, an inmate of the Indiana Department of Correction, has filed a petition for a writ of habeas corpus challenging his disciplinary conviction in case number WVD 20-07-0037.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

Mr. Wheatley was charged with and found guilty of battery, a violation of IDOC Adult Disciplinary Code A-102, and consequently lost 180 days of earned credit time and was demoted in credit-earning class. Dkt. 10-8. *Id.* He appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority before bringing this petition under 28 U.S.C. § 2254. Dkts. 10-11, 10-12.

The conduct report states that Sgt. Donaldson found a letter during an inventory of Mr. Wheatley's property. Dkt. 10-1. The letter describes how the author and two accomplices, "Georgie" and "Johnny," assaulted another inmate. Dkt. 10-3. The letter is not dated or signed, and the author is not identified by name. *Id.* Officer John Miller provided a written statement verifying that Sgt. Donaldson found the letter in Mr. Wheatley's property. Dkt. 10-2.

Prison officials notified Mr. Wheatley of this charge and provided him with a copy of the screening report. Dkt. 10-4. Mr. Wheatley pleaded not guilty and asked to call George Brown, Anthony Isaacs, and the victim as witnesses. *Id.* He also requested a copy of the letter and surveillance video. *Id.* Mr. Wheatley told the screening officer, "I wasn't involved. I didn't throw no fists. I was trying to break it up." *Id.*

George Brown stated that "Wheatley wasn't involved in the altercation." Dkt. 10-10, p. 1. Anthony Isaacs stated that "Wheatley wasn't involved in the altercation at all only to break it up." *Id.* at 2. The victim refused to provide a statement. *Id.* at 3.

Prison officials refused Mr. Wheatley's request for a copy of the letter because it was marked "confidential," but they permitted him to review it in advance of the hearing. Dkts. 10-4, 10-6.

At the disciplinary hearing, Mr. Wheatley provided a written statement arguing that he did not receive adequate notice because the conduct report did not include the victim's name or the time, date, or location of the assault. Dkt. 10-9. Mr. Wheatley also challenged prison officials' refusal to provide him with a copy of the letter and surveillance video. *Id.*

The hearing officer considered the conduct report, the letter, and Officer Miller's statement and found Mr. Wheatley guilty. Dkt. 10-8. The hearing officer explicitly found that the witness statements from George Brown and Anthony Isaacs were not credible. *Id.*

### III.
### DISCUSSION

Liberally construed, Mr. Wheatley's petition raises three grounds for relief: (1) the evidence is insufficient to support his conviction; (2) he was denied the right to exculpatory evidence; and (3) he was denied the right to advance written notice. For the reasons explained below, the disciplinary hearing officer's denial of Mr. Wheatley's request to review the surveillance video and the disciplinary

hearing officer's failure to review the video were arbitrary and violated Mr. Wheatley's due process rights if the video was exculpatory.

Due process requires that in prisoner disciplinary proceedings, prisoners be given access to exculpatory evidence. *Johnson v. Brown*, 681 F. App'x 494, 496-97 (7th Cir. 2017); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "That right to due process presumptively entitles inmates to view exculpatory evidence, not only to ensure that the hearing officer considers all relevant evidence, but also to enable the inmate to make use of the evidence and prepare the best defense." *Johnson*, 681 F. App'x at 496. "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). The petitioner has the burden of establishing that the evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

Here, Mr. Wheatley made a specific and timely request for video evidence. Dkt. 10-4; *Piggie v. McBride*, 277 F.3d 922, 925–26 (7th Cir. 2002). He requested video for July 4 from 8:12 p.m. to 8:20 p.m., explaining to the screening officer that it would show that he did not participate in the battery and was trying to break it up. *Id.* He states under penalty of perjury that he "was denied video evidence that would have clearly shown me innocent of assault." Dkt. 2 at p. 2 and 5.

The respondent asserts that Mr. Wheatley failed to indicate what he expected the video to show, and that he only requested the video because "the

4

screening officer used another offender's conduct report to get the time and date of the assault. . . ." Dkt. 10 at p. 11-12. This ignores Mr. Wheatley's timely assertion and sworn statement that the video would have shown that he only tried to break up the altercation and was not guilty of battery. Dkt. 2, at 2; 5; dkt. 10-4.  Mr. Wheatley did not have the opportunity to make effective use of the video because the record does not show that the hearing officer reviewed it. *Johnson*, 681 F. App'x at 496.

Prison officials "have the burden of proving that their denial of requested evidence was not 'arbitrary or capricious.'" *Johnson*, 681 F. App'x at 496-97 (citing *Piggie*, 277 F.3d at 925). While a hearing officer has considerable discretion to deny requests for evidence that threaten institutional safety or that are irrelevant, repetitive, or unnecessary, *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), there is no evidence in the record before the Court that the hearing officer denied Mr. Wheatley's request for such a reason. The Respondent states that the screening officer denied Mr. "Wheatley's request for video because the conduct report was based on the hand-written letter." Dkt. 10 at p. 11; and 10-4. But a hearing officer "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Whitford v. Boglino*, 63 F.3d 527, 536 (7th Cir. 1995). Because the respondent has not put forth any valid justification for having withheld the video evidence, the Court finds that the denial of Mr. Wheatley's request for the video was arbitrary. *Johnson*, 681 F. App'x at 496-97.

Because Mr. Wheatley was prevented from presenting potentially exculpatory evidence during his disciplinary hearing, the next step is for the Court to conduct an *in camera* review of the video to assess whether it is exculpatory. *Johnson,* 681 F. App'x at 497; *Cobb v. Superintendent,* 821 F.Supp.2d 1071, 1073 (N.D. Ind. 2011). Respondent has up to and including **September 9, 2022**, to submit the video to the Court for *in camera* review. If Respondent does not submit the video by that date, the Court will reasonably infer that the video Mr. Wheatley requested either was exculpatory or no longer exists and order the restoration of his good-time credit and credit earning class. *Johnson,* 681 F. App'x at 497; *Cobb,* 821 F.Supp.2d at 1073-74. No supplemental briefing is permitted because Respondent had the opportunity to brief this issue in his return or to admit that the video does not exist.

## IV.
## CONCLUSION

Officials at Wabash Valley acted arbitrarily in denying Mr. Wheatley's request to view surveillance video of the incident underlying his battery conviction. Respondent has up to and including **September 9, 2022**, to submit the video to the Court for *in camera* review to determine whether it is exculpatory.

Mr. Wheatley's motion for status and motions for ruling are **GRANTED** to the extent that the Court has issued this order on his petition. Dkt. [15]; dkt. [16]; dkt. [17].

**SO ORDERED.**

6

Date: 8/31/2022

                                          *James Patrick Hanlon*
                                          James Patrick Hanlon
                                          United States District Judge
                                          Southern District of Indiana

Distribution:

ROY WHEATLEY
239494
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov

7